GILBERT & a. v. BERLIN & a.

Where it appears from town records that the selectmen were empowered to acquire certain real estate for the public uses of the inhabitants, the validity of the purchase cannot be impeached in a proceeding for partition by judgment creditors of the grantor.

If real estate against which a judgment *in rem* has been rendered is conveyed by the debtor, a subsequent levy of execution by the creditor, with knowledge of the conveyance, is fatally defective unless notice is given to the grantee to appoint an appraiser.

PETITION FOR PARTITION. Facts agreed. The Berlin Shoe Factory was organized as a corporation for the purpose of building a factory in Berlin in this county. January 15, 1896, the corporation conveyed its land and buildings, which cost $40,000, to the town of Berlin for $15,000. At the date of the conveyance the factory was occupied by Chick Brothers, who have ever since held the premises under a lease from the corporation.

At a town meeting held December 12, 1895, it was voted " that the town purchase, acquire, and hold by conveyance, mortgage, or otherwise, an interest in the real estate owned or occupied by the Berlin Shoe Factory, . . . and that the same be held for the public use of the inhabitants of said town; and that the selectmen be and hereby are authorized to receive any such conveyance, mortgage, or deed, or to make any contract in relation thereto for the purpose of acquiring an interest in the real estate above described." All the plaintiffs were present at the meeting and voted in favor of the resolution. The plaintiff Gilbert was one of the selectmen of the town and acted as such in negotiating the purchase of the property.

April 6, 1896, the plaintiffs began suits against the corporation by attaching the property conveyed to the town, in order to preserve their liens for labor performed and materials furnished in erecting the factory, and recovered judgments as for liens for the amount of their respective claims, on which judgments levies were made upon undivided fractional parts of the property. The plaintiffs acquired good titles to such individual parts unless their levies were invalid because the officer in making them gave notice to the Shoe Factory to appoint appraisers, instead of giving notice to the town or city of Berlin, which had no opportunity to appoint them. The plaintiffs knew of the conveyance of the property to the town when it was made. The town had notice of the existence of the lien claims when it purchased the property and took a bond of indemnity against loss by reason of them.

*Enoch Foster* (of Maine), *Crawford D. Hening,* and *William H. Paine,* for the plaintiffs.

*Chamberlin & Rich,* for the defendants.

BLODGETT, C. J. The plaintiffs' contention, that the town of Berlin could not lawfully obtain title to the premises in question by purchase, and that, consequently, they still remained in law the property of the grantors, even if well founded, is not germane to the present inquiry. The general doctrine is that if a municipal corporation exceeds its power in the purchase of lands, the courts cannot inquire into the question in a collateral way, or at the instance of an individual, but it can only be done at the instance of the state. Dill. Mun. Cor. (3d ed.), *s.* 574, and cases cited; *Commonwealth* v. *Wilder,* 127 Mass. 1, 6, 7. But however this may be, towns in this state being expressly empowered to purchase and hold real and personal estate for the public uses of the inhabitants (P. S., *c.* 40, *s.* 3), and the records of Berlin showing that the purchase of the premises in controversy was for such a use, the question of its validity will not and cannot be adjudicated in this collateral proceeding; for if there was such a misuser of the statutory power by the town as to render the title to the property so acquired subject to impeachment by the plaintiffs, all of whom it is found voted for its purchase, it is entirely plain that it cannot be done at their instance, at this late day, in any form of proceeding. *Chamberlain* v. *Lyndeborough,* 64 N. H. 563, 564, 565, and authorities cited.

The title set up by the plaintiffs in their petition cannot be sustained. The executions on which their levies were made were issued upon judgments *in rem* against the specific property levied upon, which was then in the occupation of the defendants as owners and which had been conveyed to them by the judgment debtors long prior to the levies, in good faith and for a valuable consideration, as the plaintiffs well knew. Under these circumstances, we are constrained to hold that the defendants must be regarded as "the debtor" within the true intent and meaning of the statute relating to levy by set-off (P. S., *c.* 233, *s.* 2; *Fellows* v. *Hoyt,* 69 N. H. 179, 180, and cases cited), and that consequently the levies were fatally defective because of the defendants' want of notice to appoint appraisers.

In view of this conclusion, there is no occasion to consider whether section 33, chapter 233, of the Public Statutes (giving to the person having the estate of the debtor his rights, privileges, and remedies as to all persons having notice) has any application to levies other than those upon equities of redemption.

*Petition dismissed.*

All concurred.